Nicholson, C. J.,
delivered the opinion of the Court
This is a contest between complainant and a credit- or of her husband, Lewis Click, as to tbe title to a tract of land. She bases her title upon a resulting *609 trust, arising from the purchase of the land by her husband, with her money. The creditor claims by pur-ehase, at an attachment sale, in which it was sold to satisfy a judgment he had recovered against her husband — the legal title being in the husband at the time of the levy and sale.
The first question for determination is, whether, in fact, the land was purchased by the money of complainant? It appears that Jacob Crum, the father of complainant, died in Greene county, in 1858, having made his will, in which he directed his land and slaves to be sold, on a credit of twelve months, and the proceeds to be divided equally amongst his children, of whom complainant was one. He appointed Lewis Click, husband of complainant, and ¥m. Crum, his executors. They qualified and proceeded to sell the land; and, at the sale, John Click, a son of complainant and of Lewis Click, became the purchaser, and to him the executors executed a deed. The purchase was made by John Click for complainant, with an understanding and agreement, between the executors and complainant, that the amount bid for the land was to be deducted from her share of her father’s estate. Hence, no money was paid, and no note given; although the land was sold on a credit of twelve months. It appears that the amount bid for the land by John Click was charged to complainant by the executors, in their settlement, and the same was deducted from her share of the estate. The title of the land was held by John Click, for about a year, ■ when he conveyed the same to Lewis Click, his father,- and the husband of complainant. Nothing was *610 paid, although the consideration of $1,400 is expressed in the deed. This conveyance was made to Lewis Click for the benefit of complainant, but the fact of the said conveyance was not known by complainant until about 1865. John Click and Lewis Click held the title to the land for the benefit of complainant, and not for themselves. Both of the conveyances were registered. The fact, therefore, is clearly established, that the land was paid for with the means coming to complainant from her father’s estate.
"Whilst the title of the land was so vested in defendant, Lewis Click, to wit: on the 13th of July, 1865, defendant, Cooter, attached the land, as the property of Lewis Click, obtained a judgment and an order of sale; and on the 4th of May, 1868, the land was sold and purchased by Cooter, at the amount of his judgment and costs.
It is objected to pomplain ant’s claim to the land, that, by the will of her father, no devise of land was made to her, but that the land was directed to be converted into money, and that the bequest to her was of an equal share, in money, of the proceeds of the sale; that so soon as the land was sold, her husband’s marital right attached to her share of the proceeds, and hence, that the land was, in fact, purchased with the money of her husband.
It is to be observed, that the land was sold on a credit of twelve months. Complainant’s husband was one of the executors who sold the land, and, at the time of the sale, the share of complainant in the proceeds of the sale had neither been received by the executors nor al *611 lotted to her. She could not- have claimed her share until the proceeds were collected, and the executors were ready to settle their trust and make distribution. Her husband, therefore, as husband, had not acquired possession, or right of possession, of her share, and his marital right had not attached when he agreed with complainant that her share might be vested for her sole and separate use, in the tract of land. This was a valid agreement on two distinct grounds — first, as there is nothing in the record showing that he was then in debt, he had a perfect right to settle upon his wife, to her separate use, her share to be derived from her father’s estate, even if his marital right had attached; and, second, if she had filed her bill at that time, a court of equity would have enforced the wife’s equity, by settling upon her and her children the whole, or a part, of her distributive share, in the discretion of the Court. As the husband voluntarily agreed to do what a court of equity would have done, the Court will uphold and enforce such agreement for her benefit. Dearin v. Fitzpatrick, Meigs, 551; 5 John. Ch. R., 464; Simmons v. Kincaid, 5 Sneed, 450. In the last named ease, the Court say: “ There are no creditors of the husband, at the date of the deed, complaining ; indeed, it is not shown that any existed. The wife could have resorted to a Court of Chancery, and enforced her equity to a settlement. To the same extent, the same might be voluntarily done by the husband, as by this the expense and delay of a bill could be avoided. * * But, independent of the wife’s equity, a husband may make a reasonable settlement on his wife of his *612 own property, as well as her's, saving the right of existing creditors in certain cases.”
It follows, that the agreement between complainant and her husband, was valid and binding on her; and being based on a good consideration, could have been enforced by her in a court of equity. It follows, also, that when the deed was made to John Click for the benefit of complainant, the same having' been executed by the executors, of whom Lewis Click, her husband, was one, the said agreement was consummated, and the title to the land was vested in John Click, in trust, for complainant. Complainant became the owner of the land by way of resulting trust; and although the deed, on its face, was absolute, the fact that John Click held the title merely as trustee, is susceptible of proof by parol. 2 Story Eq., §§ 1201, 1380; 4 Hum., 183; 5 Hum., 34; 9 Hum., 477; 10 Hum., 9; 2 Cold., 4; 4 Sneed, 405; 1 Head, 511; 1 Cold., 152.
When John Click conveyed the land to Lewis Click, the husband of complainant, he took the title, not for himself, but as trustee for complainant. 8 Yerg., 33; 2 Kent, 162; 2 Story Eq., § 1380.
The legal title to the land was in Lewis Click, with a resulting trust in favor of complainant. When the creditor attached, and purchased at his execution sale, he acquired only the title of Lewis Click, subject to prior equities, unless he was a purchaser for a valuable consideration, and without notice of existing equities, which, as a purchaser at execution sale, he could not assert. 1 Sneed, 524; 5 Sneed, 715; 2 Lead. Cas. Eq., 75. and authorities there cited.
*613 The defense of an innocent purchaser for valuable consideration, is not made by the defendant, Cooter, either by plea or in his answer, nor upon the facts in the record; could he, as before stated, have made that defense with success?
The result is, that complainant is entitled to the relief prayed for, not only as against Lewis Click, but against defendant, Cooter. The decree below is, therefore, reversed, with costs.